## ZEPHYR v. MILLER. (No. 770.)

Court of Civil Appeals of Texas. Waco.
Feb. 21, 1929.

Higgins & Glass, of Marlin, for appellant.
Rogers & Wright, of Marlin, for appellee.

BARCUS, J. This suit involves the care, custody, and control of a 6 year old negro girl. The cause was tried to the court, and resulted in a judgment leaving the child with her grandparent, Henry Miller, appellee herein.

The record discloses that in 1921 appellant married Beulah Miller, a daughter of appellee, and about 4 months after said marriage the child in controversy was born. A short time after she was born her mother, Beulah, obtained a divorce from appellant. After Beulah married appellant, she continued to live with her parents, and was living with them at the time the child was born, and continued to live with them until 1926, when the child was past four years old, at which time she married Leon Sealey, with whom she lived for 14 months, until she died in the spring of 1928. During the time she was married to Leon Sealey they lived next door to her parents, and the child in controversy lived with Beulah, her mother, but spent a great deal of the time with her grandparents, Henry Miller and wife. A few months after her mother died, her grandmother Miller also died, leaving her with her grandfather, Henry Miller, who is 56 years old, and his two daughters, one about 18 and the other 22 years of age, said two daughters having been living with the family at all times. After the death of the grandmother, appellant, as the father of said child, brought this suit to get possession of her. In 1924 appellant married, and, as the fruit of said marriage, had at the time of the trial a daughter 3 years old. He claims the right to the child in controversy by virtue of being her father, and wants to take the 6 year old girl into the home with his second wife and their 3 year old girl.

The record shows that after appellant married Beulah Miller he did not live with her, and that after the child was born he did not pay her any attention, and prior to the time the child's mother died in 1928, when the child was a little past 6 years old, he had never contributed anything to her support, and had never been with her or associated with her. During these 6 years, under the testimony, the grandfather had fed and clothed and provided all the necessaries for the child. Without any objection, the child was permitted to testify, and, according to her testimony, she does not know anything about her father, and does not want to go with him, but wants to remain with her grandfather and her two aunts.

Under the facts of this case, we do not think there was any error in the action of the trial court in awarding the custody of said child to her grandfather. While the law recognizes that the parent, under ordinary conditions, is the proper guardian of his child, still, where, as in this case, the child in infancy was abandoned by the parent, and new and permanent relationships have been established between the party who has had its custody and the child, such that the separation would be manifestly unjust to the child, the courts will not disturb this relationship. We do not think that appellant has shown that it would be for the best interest of the child to be taken away from her grandfather and placed in his home with a stepmother and her 3 year old girl. Under the evidence, there is no question but that the child is being well cared for by her grandfather and two aunts. Under conditions very similar to this, our courts have held that the parent was not entitled to the care or custody of the child. Dunn v. Jackson (Tex. Com. App.) 231 S. W. 351; Miller v. Banks (Tex. Civ. App.) 280 S. W. 301; State ex rel. Rumsey v. Jackson (Tex. Civ. App.) 212 S. W. 719; Kendall v. Williams (Tex. Civ. App.) 233 S. W. 296. The real test in this class of cases is, What is for the best interest of the child? Under the facts set out in this case, we cannot say that the court has not made the proper order, looking alone to the child's best interest.

The judgment of the trial court is affirmed.